ELEANOR GEIGER
*vs.*
MARY P. D-ESOPO, ETC.

Superior Court        Hartford County        File No. 60622

MEMORANDUM FILED NOVEMBER 15, 1940.

*Isadore Rosenblum,* of Hartford, for the Plaintiff.

*Salvator D'Esopo,* of Hartford, specially for the Defendants.

CORNELL, J. The record shows that the answer to which

the instant demurrer is addressed was filed on May 28, 1940; that on August 24, 1940, plaintiff filed a demurrer to this which was overruled on October 1, 1940; and that the instant demurrer was filed on October 21, 1940; that there is nothing to indicate that the answer was amended in any respect after the decision made October 1, 1940 (overruling the demurrer of August 24, 1940) and between then and the filing of that now before the court. Neither does it appear that the defendant consented to this last demurrer, as permitted by section 5533 of the General Statutes, Revision of 1930, nor that the court gave permission that it be filed. Section 5534 of the General Statutes, Revision of 1930, is not applicable and confers no right upon a party to continue to file pleadings of the same kind after others have been disposed of. Section 83 of the Practice Book (1934) defines the order in which pleadings are to be filed. The provisions of this must be complied with unless departure therefrom is made possible as a result of consent of opposing counsel or order of court after motion duly filed followed by hearing at which the adverse party shall have an opportunity to be present.

As the matter now stands, counsel for the defendant may move to strike the demurrer from the file or consent to the pleading being filed; and counsel for the plaintiff may move for permission to file it and claim such motion for the Short Calendar. Pending pursuit of one or the other of these courses by counsel for either party, the demurrer, though received, is not properly a part of the file and cannot be made the subject of a decision affecting the sufficiency of the answer.